S10Y1308. IN THE MATTER OF MICHAEL H. GRAHAM.

(697 SE2d 835)

PER CURIAM.

This disciplinary matter is before the Court on the report of the Special Master, Curtis Van Cheney, Jr., recommending that Respondent Michael H. Graham (State Bar No. 304650) be indefinitely suspended.

The State Bar filed a formal complaint and attempted to serve Graham personally at the address listed with the State Bar, but the sheriff filed a return of service non est inventus. The State Bar then properly served Graham by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Graham failed to file an answer, and the State Bar filed a motion for default, which the Special Master granted.

Pursuant to the default, the Special Master found the following facts deemed admitted: in August 2006, Graham was retained by a client with regard to a patent matter. The client paid him a $1,500 retainer, but Graham did not communicate with her the basis or the rate of the fee. The client became dissatisfied with Graham's efforts and asked for a refund of the retainer. In March 2007, Graham wrote the client a check for $1,500 on his personal checking account but it was returned for insufficient funds. Graham acknowledged service of the Notice of Investigation issued in this matter and informed the Bar that he had refunded the $1,500 in two installments in April and May 2008. He informed the Bar that he would respond under separate cover to the Notice of Investigation under oath and in accordance with Bar Rules, but he failed to file a timely response, though he did file a belated response in October 2008. The Special Master found that by this conduct Graham violated Rules 1.3, 1.4, 1.5 (a) and (b), 1.16 (d), and 9.3, of the Georgia Rules of Professional

Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment; the maximum sanction for a violation of Rules 1.4, 1.5 (a) and (b), 1.16, and 9.3 is a public reprimand.

The Special Master found no mitigating factors. In aggravation, this Court's records show that Graham has been sanctioned in several previous cases, receiving at least four formal letters of admonition. See Rule 4-103 (a finding of a third or subsequent disciplinary infraction shall in and of itself constitute discretionary grounds for disbarment). Additionally, this Court's records show that Graham has a history of failing to respond to Notices of Investigation, which has resulted in the imposition of several interim suspensions under Bar Rule 4-204.3 (d). See *In the Matter of Michael Graham*, S09Y0171 (interim suspension lifted Nov. 19, 2008); S09Y1607 (interim suspension lifted Aug. 21, 2009); S10Y0100 (suspended Oct. 6, 2009).

After a review of the record, we conclude that disbarment is the appropriate sanction in this case. Therefore, it is hereby ordered that the name of Michael H. Graham be removed from the rolls of persons authorized to practice law in the State of Georgia. Graham is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JULY 12, 2010.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.